## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 14 B 11011 |
| Dienst Sewer & Water, Inc., | ) | | |
| | ) | Judge: | Hon. Janet S. Baer |
| | ) | | |
| Debtor. | ) | | |

### FINAL ORDER APPROVING USE OF CASH COLLATERAL

This matter coming on to be heard on the Motion of **Dienst Sewer & Water, Inc.**, Debtor and Debtor-in-Possession (hereinafter "Debtor"), for the authority to use cash collateral; due and proper notice having been given pursuant to the requirements of 11 U.S.C. §363(c)(2) and Rule 4001 of the Federal Rules of Bankruptcy Procedure; the court having examined the foregoing Motion; and the Court being fully advised in the premises, and having conducted a hearing on the need for use of cash collateral:

THE DEBTOR STIPULATES AS FOLLOWS:

1. This case was commenced on March 26, 2014 (the "Petition Date") when the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. No trustee has been appointed. The Debtor has continued to manage its business and assets and to administer the affairs of its estate as debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2. The Debtor acknowledges, that there exists a valid lien upon the assets of the Debtor as of the date of the filing of the petition herein, and the cash proceeds thereof by Castle Bank (the "Secured Creditor") who holds a security interest in substantially all the assets of the Debtor by way of a lien duly filed of which the amount of $68,072.46 was still due and owing as of the Petition Date. This acknowledgement is not binding on any future trustee or creditor's committee appointed in this matter.

3. An immediate need exists for the Debtor to use the Pre-petition Collateral, including, but not limited to, the cash collateral outlined above in the motion to continue its business operations.

4. The Debtor is unable to obtain, on an immediate basis, credit allowable under 11 U.S.C. §503(b) and/or §364(a).

5. The Secured Creditor is unwilling to permit the use of any of its Pre-Petition Collateral, including its cash collateral, without the protection afforded by U.S.C. §364(c)(1), (c)(2) and (c)(3), and Debtor is unable to acquire credit on any terms which are more favorable.

6. The Debtor has provided such notice to creditors and other parties as was practicable under the circumstances.

7. The actual notice issued regarding the subject motion was appropriate for the circumstances of this case in that a reasonable opportunity for a hearing has been afforded all parties;

8. Cause has been shown for the entry of this Order. Among other things, entry of this Order will minimize disruption of the Debtor as a "going concern", will increase the possibilities for a successful reorganization, and is in the best interest of the Debtor, its creditors and its estate.

Based upon the foregoing, IT IS HERBY ORDERED AS FOLLOWS:

I. The Secured Creditor shall be secured by a lien to the same extent, priority and validity as existed prior to the Petition date; that the Secured Creditor shall receive a security interest in and replacement lien upon all of the Debtor's now existing or hereafter acquired property, real or personal, whether in existence before or after the Petition Date including, without limitation, accounts receivable, inventory, machinery and equipment, and the proceeds and products thereof, to the extent actually used and for the diminution, if any, in the value of the Secured Creditor's Collateral securing all indebtedness of the Debtor to the Secured Creditor, which replacement lien shall be the same lien as existed as the pre-petition valid liens of record.

II. The liens granted hereinabove shall be valid, perfected, and enforceable without any further action by the Debtor and/or the Secured Creditor, and need not be separately documented. However, this stipulation as to the validity and perfection of the Secured Creditor's lien shall not be binding on any creditor's committee or trustee subsequently appointed.

III. In addition to and as a supplement to the foregoing protections, Debtor shall maintain insurance covering the full value of all collateral, and shall permit on site inspection of such collateral, policies of insurance, and financial statements, including,

but not limited to, monthly operating reports, upon reasonable notice by secured party, during normal business hours.

IV. The Debtor shall maintain a separate operating account, which account shall be entitled "Debtor-in-Possession Account", and with the exception of funds needed for petty cash and other payments in the normal course of business or otherwise allowed by Court, the Debtor shall deposit and maintain all cash and all proceeds of accounts receivable, inventory, contract rights, and general intangibles in said account.

V. The Debtor shall make monthly payments to Secured Creditor on or before the 15th of each month in the amount of $2,062.00 from the Debtor-in-Possession Account as adequate protection of Secured Creditor's security interest in the Debtor's assets.

VI. A copy of any Disclosure Statement or Plan of Reorganization proposed by the Debtor, a copy of each monthly operating report, and notice of all matters which might affect The Secured Creditor's secured position or the ultimate collectability of its claim herein shall be timely mailed to the Secured Creditor.

VII. The United States Trustee and all creditors shall immediately be mailed copies of this Order. If any or all of the provisions of the Order are hereinafter modified or vacation shall not affect the validity of any debt to Secured Party incurred pursuant to this Order.

VIII. This Court finds and orders that this is a core proceeding under 28 U.S.C. §157(b)(2)(D), and this Order shall be a Final Order fully effective upon its entry this Court.

BE IT SO ORDERED.
Dated: This _14th_ of _May_, 2014.

ENTERED:

_____
JUDGE

Prepared By:
Michael J. Davis
Joshua D. Greene
Archer Bay, P.A.
1500 Eisenhower Lane

Suite 800
Lisle, Illinois 60532
(630) 434-2798
Fax: (303) 758-5055